IT IS ORDERED

Date Entered on Docket: July 10, 2020

_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**



_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

Laura J Garcia, xxx-xx-5670 and
Alfredo Gallardo Garcia, xxx-xx-4917       Case No. 19-12666-j13

Debtor(s).

## ORDER APPROVING FEE APPLICATION

THIS MATTER came before the Court on the Attorney Fee Application filed June 2, 2020, doc. 38 (the "Fee Application"). The Court, being sufficiently advised, FINDS:

A.   Gaffney Law, PC ("Attorney") is counsel for Debtors. This is Attorney's first and final fee application.

B.   Debtors gave Attorney a pre-petition retainer of $1,500.00 (the "Retainer"). Of the retainer, $1,500.00 should be applied to amount sought herein.

NM LF 2016-13(b)

C. Attorney seeks approval of the following fees, costs, and gross receipts tax:

| | |
|---|---|
| 1. Attorney fees | $4,258.86[1] |
| 2. Paralegal fees | $0.00[2] |
| 3. Gross receipts tax ("GRT") on attorney and paralegal fees | $0.00[3] |
| 4. Subtotal (lines 1, 2 and 3) | $4,258.86 |
| 5. Expenses and costs | $741.14 |
| 6. GRT on expenses and costs | $0.00[4] |
| 7. Subtotal (lines 5 and 6) | $741.14 |
| 8. **Total fees and expenses** (lines 4 and 7) (the "Fees and Expenses") | **$5,000** |

D. All Fees and Expenses represent reasonable compensation to Attorney for representing the interests of the Debtor(s) in connection with this bankruptcy case. The Fees and Expenses are for actual and necessary services and costs that benefitted the Debtor(s) or the estate. The Fees and Expenses should be allowed and paid as an administrative expense.

E. The Court grants final approval of Attorney's Fees and Expenses approved on an interim basis.

F. Notice of the Fee Application, and of a 21-day period to object thereto, were mailed on June 2, 2020, to the parties on the Court's official mailing list for this case. Notice was sufficient in the particular circumstances.

G. The deadline to object to the Fee Application has expired. No objections were filed.

H. The Fee Application complies with Bankruptcy Code §§ 328 and 330 and Bankruptcy Rule 2016.

I. The compensation sought by the Attorney under the Fee Application is

---

[1] Attorney's actual billings totaled $4,847.5 – Attorney is voluntarily waiving a portion of those fees to match the award to the estimate in the confirmed plan.
[2] Attorney has no paralegal staff.
[3] Attorney does not pass along gross receipts taxes to consumer clients.
[4] Attorney does not pass along gross receipts taxes to consumer clients.

reasonable and is for actual and necessary services that benefited the estate.

  It is therefore ORDERED:

  1. The Fees and Expenses are hereby allowed as a priority, administrative expense in this case, in the amount stated above (paragraph C, line 8).

  2. The Chapter 13 Trustee is authorized to pay the Fees and Expenses to Attorney from estate funds, less the retainer, if applicable, and any previous, estate-fund payments.

XXX END OF ORDER XXX

Respectfully submitted:

*/s Joel Alan Gaffney*
Joel Alan Gaffney
Attorney for Debtors
6565 America's Parkway NE # 200
Albuquerque, NM 87110
(505) 563-5508
joel@gaffneylaw.com

Copy to:

U.S. Trustee's Office
P.O. Box 608
Albuquerque NM  87103

-3-

Case 19-12666-j13    Doc 40    Filed 07/10/20    Entered 07/10/20 11:55:53 Page 3 of 3